**Yeager Neil KYLE, Appellant,**

v.

**SWIFT & COMPANY, a corporation, and The Great Atlantic and Pacific Tea Company, a corporation, Appellees.**

**No. 7067.**

United States Court of Appeals
Fourth Circuit.

Argued Jan. 6, 1956.

Decided Feb. 7, 1956.

888

Bonn Brown, Elkins, W. Va., for appellant.

Keith Cunningham, Elkins, W. Va., for appellee Great Atlantic & Pacific Tea Co.

Jacob S. Hyer, Elkins, W. Va. (Milford L. Gibson, Elkins, W. Va., on the brief), for appellee Swift & Co.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PARKER, Chief Judge.

This is an appeal from a judgment on a directed verdict for defendants in an action to recover damages on account of food poisoning. Plaintiff, a resident of Elkins, West Virginia, contends that he and the members of his family were rendered ill as the result of eating food which had been processed by the defendant Swift & Company and which had been purchased by him from the Great Atlantic & Pacific Tea Company at Elkins. The trial judge directed a verdict for defendants on the ground that the evidence was not sufficient to take the case to the jury on the theory that the illness of plaintiff and his family was caused by the food. In this we think there was error.

There was evidence to the effect that on December 7, 1953 plaintiff purchased from the A. & P. a package of sausages, commonly called "wieners", manufactured by Swift & Company and enclosed in a cellophane wrapper bearing a stamp from which it could be inferred that December 3 was the date of manufacture. These, with a can of baked beans, also purchased from the A. & P., were eaten by plaintiff and his family for supper. These were the only articles of food which were eaten by all members of the family at that time or for a period of two days prior thereto. Plaintiff testified that the "wiener" which he ate was unusually juicy and tasted "strange". Before midnight all members of the family became violently ill, with abdominal pains, vomiting, diarrhea and other symptoms of food poisoning. They were attended by two physicians, both of whom testified that the illness could have been caused by food poisoning and gave that as their diagnosis.

The illness of plaintiff and his family lasted for several days and one of the members of the family had to be carried to the hospital, where the entry was "Food poisoning, or gastro-enteritis, acute, severe". One of the physicians, Dr. Roberts, was asked the question: "Q. From the case history, and from your treatment and diagnosis of these patients, what, in your opinion was the cause of their illness, this gastro-enteritis, or food poisoning?" He answered "They gave a history of eating the hot dogs, and that seemed to me to fit the picture. They had all eaten them and all became sick". He also testified that meat is a good culture medium for the type of bacilli causing such illness and that, in view of the incubation period for this type of bacilli, it was his opinion that the supper meal was the time of exposure. He eliminated as possible causes certain more slowly incubating organisms for the reason that the illness was not attended by the disorders of the nervous system and paralysis which accompany illness caused by such organisms.

No food was examined by either physician and there was no examination of bodily excreta; and both physicians testified that they could not say positively that it was the "wieners" that caused the illness. The trial judge

thought that this was fatal to plaintiff's case, saying at the time he directed the verdict: "In this case the plaintiff relies purely upon circumstantial evidence; and where circumstantial evidence is relied upon to warrant a finding of fact the evidence must be of such character as to exclude every reasonable explanation but that of liability which the plaintiff seeks to charge against the defendant".

The rule stated by the learned trial judge is the rule to be applied by the jury in a criminal case based on circumstantial evidence, where guilt must be established beyond a reasonable doubt. It is not the rule to be applied in judging the sufficiency of evidence to take a case to a jury. It is well settled that for such purpose the evidence must be viewed in the light most favorable to the plaintiff and every inference favorable to plaintiff which can reasonably be drawn therefrom must be drawn. As said in Wilkerson v. McCarthy, 336 U.S. 53, 57, 69 S.Ct. 413, 415, 93 L.Ed. 497: "It is the established rule that in passing upon whether there is sufficient evidence to submit an issue to the jury we need look only to the evidence and reasonable inferences which tend to support the case of a litigant against whom a peremptory instruction has been given." And it is not enough to justify direction of a verdict for defendant that conflicting inferences can be drawn from the testimony, as it is the function of the jury, and not the judge, to say what inferences are to be drawn. Tennant v. Peoria & P. U. Ry. Co., 321 U.S. 29, 35, 64 S.Ct. 409, 88 L. Ed. 520.

In the light of this rule, we think it clear that the evidence was sufficient to take the case to the jury on the theory that the illness of plaintiff and his family was caused by eating the "wieners". The law applicable on the question of liability of both defendants is the law of West Virginia; and, under that law, the retail seller of food may unquestionably be held liable, on the theory of implied warranty, for the defective condition of food purchased for immediate consumption. Burgess v. Sanitary

Meat Market, 121 W.Va. 605, 5 S.E.2d 785, 6 S.E.2d 254. The manufacturer has likewise been held liable where the evidence warrants an inference that the injury complained of resulted from negligence on his part. Webb v. Brown & Williamson Tobacco Co., 121 W.Va. 115, 2 S.E.2d 898. And see Swift & Company v. Blackwell, 4 Cir., 84 F.2d 130, a decision of this court applying the general law to a case arising in Virginia. See also Jacob E. Decker & Sons v. Capps, 139 Tex. 609, 164 S.W.2d 828, 142 A.L.R. 1479. Whether the liability of the manufacturer be held to rest upon implied contract or negligence in manufacture, we think that, in view of the evidence as to the short time that elapsed between manufacture and sale, the evidence before us was sufficient to take the case to the jury as against the manufacturer as well as against the retail dealer. We do not, of course, undertake to pass upon the case that may be presented upon retrial.

For the reasons stated, the judgment appealed from will be reversed and the case will be remanded for a new trial against both defendants.

Reversed.